**UNITED STATES of America**

v.

**Jack D. LIFFITON, Defendant.**

**Nos. 85–CR–93C, 86–CR–159C.**

United States District Court,
W.D. New York.

June 19, 1996.

Patrick H. NeMoyer, United States Attorney (Gretchen L. Wylegala, Assistant United States Attorney, of counsel), Buffalo, New York, for the United States of America.

Defendant–Petitioner, Pro Se.

CURTIN, District Judge.

## BACKGROUND

On March 29, 1989, the defendant, Jack D. Liffiton, was sentenced in the case of *United States v. Castiglia,* 85–CR–93, to concurrent one-year sentences on Count I (conspiracy to commit offenses against the United States, 18 U.S.C. § 371), and Count II (aiding and abetting misapplication by a bank employee, 18 U.S.C. §§ 2 and 656), and to an additional consecutive one-year sentence on Count IV (perjury before a grand jury, 18 U.S.C. § 1623).

On May 1, 1989, Liffiton was sentenced in the case of *United States v. Liffiton,* 85–CR–159, to concurrent one-year sentences on two counts of conviction, Count I (conspiracy to impede the function of the IRS, 18 U.S.C. § 371) and Count II (perjury before a grand jury, 18 U.S.C. § 1623). This one-year total sentence was consecutive to the two-year sentence imposed in the other conviction, resulting in a three-year total sentence. Liffiton was released from federal custody on or about June 7, 1993, thereby completing his sentence.

Both convictions were affirmed on appeal. *United States v. Castiglia,* 894 F.2d 533 (2d Cir.1990), *cert. denied, Liffiton v. United States,* 498 U.S. 821, 111 S.Ct. 68, 112 L.Ed.2d 42 (1990), *rehearing denied, Liffiton v. United States,* 498 U.S. 1043, 111 S.Ct. 720, 112 L.Ed.2d 708 (1991); *United States v. Liffiton,* 932 F.2d 957 (2d Cir.1991).

Petitioner then filed a number of post-conviction motions, all of which were denied in an order by this court filed on June 20, 1995. On June 29, 1995, petitioner sent a letter to the court seeking relief from the judgment pursuant to Fed.R.Civ.P. 59(e) and 60. Liffiton thereafter filed the instant petition seeking a writ of *coram nobis.*

This court incorrectly indicated that it would consider Liffiton's latest application

under 28 U.S.C. § 2255. Item Qq. In fact, as both parties correctly point out, the petition must be considered under the standards for the issuance of a writ of *coram nobis.* The court does note that petitioner stated at one point in his petition that he need not argue all the required elements of a writ of *coram nobis,* because some of the elements are not required by section 2255, under which the court stated it would proceed. Item Yy, ¶¶ 12–13. Petitioner does, however, go on to argue these elements. *Id.* This court, therefore, considers the matter fully submitted.

It should be noted that in this application, the petitioner only challenges the two perjury convictions. He does not challenge the three other convictions.

## DISCUSSION

### I. Injury to plaintiff's reputation is not a basis for the issuance of the writ.

In *United States v. Morgan,* 346 U.S. 502, 511, 74 S.Ct. 247, 252–53, 98 L.Ed. 248 (1954), the Supreme Court said of the writ of error *coram nobis:* "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice."

The more recent rule in the Second Circuit is that "the writ will issue only where extraordinary circumstances are present." *Nicks v. United States,* 955 F.2d 161, 167 (2d Cir.1992). The *Nicks* court identified three showings the petitioner had to make to obtain the writ. First, the petitioner had to show that "a fundamental error ha[d] occurred." *Id.* Second, petitioner must show that he continued to suffer "legal consequences from his conviction that may be remedied by granting of the writ." *Id.* To satisfy this element, petitioner must show that "[al]though the term has been served, the subsequent disabilities may persist." *Id.* Other courts have termed this a "continuing legal disability." *See United States v. Foont,* 901 F.Supp. 729, 733 (S.D.N.Y.1995). Finally, the *Nicks* court held that *coram nobis* relief should issue only when "sound reasons

exist[ ] for failure to seek appropriate earlier relief." *Nicks,* 955 F.2d at 167, quoting *U.S. v. Morgan,* 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

The "fundamental error" element outlined by *Nicks* does not present a significant controversy in this case. The court in petitioner's criminal trial for perjury decided the question of whether the alleged false statements were "material" and did not pass this issue on to the jury. Item Pp, ¶¶ 3–8. At the time that this case was tried, the issue of materiality was determined by the court and not the jury in this circuit. *U.S. v. Ali,* 68 F.3d 1468 (2d Cir.1995).

In *United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the Supreme Court held that the issue of materiality, in the context of a criminal trial for making false statements, was a mixed question of law and fact which had to be decided by a jury. The Court, on appeal, vacated Gaudin's conviction because the trial judge decided that certain statements were material and so instructed the jury. Contrary to the government's assertion, the failure in the petitioner's case was not simply a question of a flawed jury instruction; that the jury did not consider materiality, an element of the crime charged, constituted a fundamental error after *Gaudin.*

Nor is the third element outlined in *Nicks* seriously contested by the government. Petitioner brought the present motion soon, if not immediately, after the decision in *Gaudin.* The change in the law represents a sound reason for petitioner's failure to seek earlier relief.

At issue in this case is the second of the three elements outlined in *Nicks:* whether petitioner suffers a continuing legal disability. In *Foont,* the court ultimately dismissed the petitioner's motion for the writ of *coram nobis,* but found that petitioner was under a continuing legal disability because a federal statute barred convicted felons from working as securities dealers or brokers. *Foont,* 901 F.Supp. at 734. The court also observed, however, that:

> Foont argues ... what [an unsuccessful petitioner] could not: that *all* securities

trader and broker positions are closed, by law, to him. Foont is not complaining simply of reputational harm from the blemish of his prior conviction, nor of his diminished job prospects due to private employers' decisions not to hire him because of the conviction. Instead, Foont faces a statutory bar, a legal impediment to returning to his profession. The Court is persuaded that this constitutes a harm entirely different from the reputational injury suffered by every convicted felon who re-enters the world and tries to redeem himself or herself.

*Id.*

In the present case, petitioner argues that "in two civil trials that petitioner has been involved in, opposing counsel has brought up the perjury convictions for impeachment purposes and the petitioner lost both of those cases." Item Tt, ¶ 15. According to the petitioner, "[s]ince a perjury conviction can be used in many ways to assail one's veracity it has a lingering effect in legal circles as well as the business world where competitors bring the issue to light to gain an advantage." *Id.* at ¶ 16.

■ This type of reputational injury is precisely the type excluded by the *Foont* court from the valid bases for the issuance of a writ of *coram nobis*. The effect of the perjury convictions on plaintiff's reputation for veracity do not satisfy the definition of a "continuing legal disability."

**II. Judge Elfvin's recusal is not a basis for the issuance of the writ.**

■ Petitioner argues that because of the alleged bias against him, summarized in the affidavit of Edna Paczynski, both indictments must be vacated. Plaintiff also argues that Judge Elfvin's recusal requires vacatur of the convictions, apparently on the theory that the recusal is evidence of actual bias.

These arguments do not satisfy the elements outlined by the *Nicks* court. Petitioner's general allegations of bias, even supported by the Paczynski affidavit, do not amount to any discernible accusation of error on the part of Judge Elfvin, let alone an accusation of the type of fundamental error

required to support the issuance of the writ. In addition, the court has already held that petitioner has failed to show a continuing legal disability as the result of the convictions. Failing on these two elements, petitioner has failed to satisfy his burden.

■ Petitioner also cites *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), for the proposition that an appearance of impropriety requires vacatur, and that in this case the Paczynski affidavit establishes actual bias. This argument is unpersuasive, because petitioner grossly misreads *Liljeberg*. In that case, the Supreme Court held that where facts tended to show bias on the part of the judge, the judge's failure to recuse himself was a violation of 28 U.S.C. § 455(a), even where the judge had forgotten about the facts at issue. The court then went on to hold that vacatur in that case was a proper remedy under Fed.R.Civ.P. 60(b)(6).

In the present case, Judge Elfvin recused himself on petitioner's motion of April 29, 1991. Because Judge Elfvin recused himself, *Liljeberg* is not applicable to the present case, and the court finds no persuasive authority on which to consider vacatur under Rule 60(b)(6).

**CONCLUSION**

For the reasons stated above, the petition for a writ of *coram nobis* is denied.

So ordered.